My name is Rick Gamble. I am representing the Keehan plaintiffs. Today there are a multitude of different penalties. I'd like to reserve 5 minutes to rebut. As this court knows, this case is about an entry of attorney's fees against a plaintiff in a state court action or the case will be moved to federal court. The judge's decision, or the analysis of who was at fault in this, it blamed the plaintiffs for their faults for removal in this case. I don't think the facts below and the decision of the judge in any way supports that conclusion. This is not a case to the record. The plaintiffs filed this complaint in the Ohio State Court. The underlying complaint dealt with a very serious, very complex financing transaction. All of the allegations they made in that state court complaint were proper under the Ohio court rules and the Ohio pleading requirements. It has to allege anything as to the very specifics of the citizenship of the various LLCs and its members. When you said it was an Ohio LLC, which was an LLC registered in Ohio, is that what you mean? Well, there were three or four different plaintiffs in this case. There were various LLCs. The issue that ultimately destroyed their diversity of jurisdiction was key hedges. One is the investments LLC had several LLCs, a certain number. As the district court probably noted, you have to, in diversity of jurisdiction, you have to allege citizenship of the members of the LLCs. This was kind of down the line here in three things. And then it was revoked and then there was a complaint filed at that point in federal court. And after federal court, you never said, oh, wait a minute, there's no first year here. Well, I want to address that. The allegations of the citizenship or the location of the parties in the first state court complaint were really pulled from the dealings with the parties. These parties have extensive dealings back and forth where they knew each other's business. They knew who the parties were. They alleged upon the information of belief that Petorium was a Delaware partnership. There was nothing in the Petorium anywhere that the plaintiffs had seen that the citizenship of the Delaware partnership was effective. When the judge dealt with his order on discovery, he initially states that, you know, the removing defendants have the burden of showing subject matter jurisdiction, which in this case requires complete discovery. Defendants have not alleged the citizenship of the members of the party-limited liability companies. They've alleged the citizenship of their partners in Petorium, but without having identified those partners by name. So the default here initially, and it goes straight through, was that the defendants in Petorium knew who their members of their partnership was. They did not, in any way, ever try to correct that. They could have easily have done discovery at the state court case. Well, they did say that they removed the case within a matter of less than two weeks to the federal court. Yeah, they could have easily done discovery below and find out the nature of the... Did the Petorium problem create a non-diversity, or was it the members of your LLC, of the plaintiff LLC, who created a non-diversity problem? Well, ultimately, the Petorium partners, one of the Petorium partners was a Texas-based entity or individual. The key end that ultimately destroyed diversity was one of the members of the Limited Liability Corp. That was a member of Key End Tenancy Investments, and that member of that Limited Liability Corporation was some member who was a Texas resident. So the fact that one of Petorium's partners was a Texas resident, and that one of the owners of the LLC, who was a member of the Key End LLC, was also a Texas resident. So in other words, you didn't... It wasn't anywhere in the papers that you would have known that Petorium had a Texas member as well. No, I think Petorium... Like I said, the status of Petorium was close to what the plaintiffs knew as to the citizenship of the... Not citizenship, but the location where the Petorium people did this. In fact, Petorium filed a state court action the next week in the Covenant by Judgment, and listed as the plaintiffs, once again, Petorium, a Delaware Limited Partnership, without any specifics as to the underlying location of those two individual partnerships. So the plaintiffs didn't know who those partners were until... I don't know how they, the judge, don't turn this back on their fault for causing gross negligence or for not properly alleging their citizenship in the first place when they had no knowledge that, on the other side of the coin, that Petorium was, in fact, had partners that were unknown to them. I can understand why, when the complaint was brought at state court in Ohio, you might not have complied with listing the LLC partners for instance. But the amended complaint was kind of at the intermediate stop of being at federal court in Ohio, right, So it was in federal court when an amended complaint was filed? Yes, it was. And what was the reason, at that point, for not complying with the federal plaiting standards of the current university? I think the short answer was that the plaiting is at two individual descendants. It doesn't change the requirements with regard to citizenship in three years. That's not what the current university, the amended complaint, it was the addition of some plaiting in the way that was plaited in state court and the parties that were in the state court added to the individuals in the federal court action who were not the agency employees. I gather what you're saying is that even if fees are available on remand to defendants, they shouldn't be incurred here. Is that what you're saying? Yeah. And therefore, we should reach the question of whether there are efforts to further the work or are you in a position as to whether they can be assigned to defendants? Well, there was argument back and forth on that in the briefs, and I think for the purposes of this case, I think we can assume that the court didn't work fees to either party. Well, what about the waiver question? The waiver question, I gather you did not, as such, oppose if each defendant had filed a brief in district court. Yes. Well, the waiver question, I think, is interesting because, well, technically, Keon did not oppose the FOSS motions. They initially, the discovery was done, it was found out that there was no jurisdiction because the jury amended their discovery on jurisdiction as they probably should have done in the first case, in the first census.  The motion for attorney's fees, the jury opposed that motion, made a cross-motion for attorney's fees. Keon did not address that cross-motion, but Judge Jones' orders clearly built a record as to the basis of the order. He didn't say that I'm not going to address this because, in a way, there are even seemingly doubted specifics in the briefs. He says it because they were grossly negligent. I don't think there was a waiver there that the judge addressed not once but twice in his final attorney's fees order talking about the same issue, and then also the majority never raised this waiver argument in any of the briefs below either. So, you know, if there was a waiver, you'd have to go to the courthouse to have the ability to look beyond that and potentially, if the judge suggests, dictate to go ahead and address the thing. Paul said he'd listen to a full review, so we're really looking at the legal analysis of Judge Jones' order, which is clear in the record. And he says that the latest or grossly negligent exceeded the case proper in the first place. So I think the waiver argument can be easily overcome by what's in the record, what the judge actually decided to do the thing, and the fact that Detroit has never raised this issue below. It's not that somehow we waived it. Let's go back to the real default here. To find that there seems to be a continuing obligation on the key defendants in this case, I think there's a light obligation on Pretorium also in this case. There was a pretty good case that the Seventh Circuit addressed was the micrometal being transacted case, and they were saying there was a similar issue kind of weighing who was at fault between the plaintiff and the defendants. Now, albeit that case dealt with a amount of controversy. The court would have just said, look, well, the plaintiff's new, and had it been just on their side of the scales, but actually the defendant's new also. So they did a balancing act and said, well, at least we can get the order of attorneys here in this case. And the Seventh Circuit said we're not going to award either one because either party could have disclosed those at some point, and I think that's exactly what happened here. Now, maybe TN, in retrospect, probably should have done some discovery at some point, but they had no knowledge of it. But on the other hand, you've got to look at Pretorium. They're the moving party. They're the ones that have the burden here. And they should have figured out that when they moved for removal, they should have known who their plaintiff's members of the partnership were and who were the underlying LLC members, sub-LLC members. So this is not an isolated transaction. These parties had dealt with each other. They had extensively brought seat loan documents. Those loan documents were a representation as to who the parties were and who their individual members were. So I think on a balancing act, I think you have to look at the totality of that. I think Judge Schultz was wrong on pinning it all on the plaintiffs when they did bring his action. They didn't intend in any way to lead this case. You know, they wanted the case in state court. It was Pretorium that was seeking to delay it by getting a rebuttal. If I could just take my rest for a rebuttal. Let's do it both again. I'm going to place the Court of Appeals. So, Henrietta, on behalf of employees of Pretorium Secured Fund, and Mr. Kressen, I think it is important to address first the standard of review because I think the waiver issue is seemingly difficult, and I don't think that it is overcome. First, this is a motion for review. So from the outset, it's reviewed. It applies for fees. They don't apply for fees. Is there an application for them applying for fees and the opposing getting fees? No. Why not? Well, I think what's fair is the assumption that they don't want that result. But any of the arguments, all of the arguments, the specifics of any of the reasons to contest our motion for fees are laid out for the first time on appeal. Every argument that was made today was never made to the district court. The district court decided it all. Why should we worry about waivers when the district court has not been able to assume something that's been agreed upon? It didn't assume anything that was agreed upon. I think it's fair. Well, I don't think it's just that. I think that the district court can lay out its reasoning to make clear that its decision is not devoid of reason. But I think that it is unfair to the district court to criticize it for abusing its decision. It certainly didn't say. It could have if you thought it was waived, I guess. I'm not going to address the question whether there are titles of fees because the plaintiffs aren't contesting it and, therefore, you can see that it didn't say that at all. He could have. I agree that he didn't. But I think that it doesn't endure to the benefit of appellants when the district court endeavors to lay out its reasoning that that seminal qualifies waiver in presenting any of the arguments to the district court. And the reason that I think that's important, there are two different motions. The first motion is the who is entitled to fees at all, which has two components. One, does the law allow under 1447C, does it ever allow fees to the removing defendant? Two, assuming it does, do the circumstances in this case warrant taxing them against the non-removing party? Once the judge decided that, and that's the one that technically was not opposed, then the court passed for another motion on setting the fee amount that one was. I think that this court can take the opportunity to clarify now that 1447C does allow for fees to be awarded to the removing defendant in certain circumstances. I don't think that that's necessary because of the waiver issue here. The local rule says in advice parties that if you don't oppose the motion, it's deemed a concession. Now, in cases of summary judgment or other motions on the merits, the district court still has to go through an analysis that requires a somewhat rigorous analysis that calls for de novo review in this court on legal determinations. But with a remedial motion for fees, there's no conflict with rule of civil procedure 56. So I don't think you have to get into that question on de novo review because I think it's reviewed for plain error since it was not opposed. Because it's reviewed, the determination that fees are awardable to a defendant in this case. Well, I don't even think that I'm assuming that because if that motion and the order on that motion is reviewed for plain error, then what the court would be looking for is whether or not the underlying legal determination is plainly wrong, is a clear legal error under this court's batting decision. I think this court has indicated to the district court that it is at least an open question. Now, I think that it is a correct determination. First, it's a matter of sound statutory construction. The language of the statute isn't limited to plaintiffs. It also doesn't suggest that it is only to plaintiffs such that if a statute specifies one thing, it's deemed to exclude another. The broad policy behind the statute, I think, would encompass any party deemed to cause the delay because as Chief Justice Roberts points out in the Martin decision, the large policy, the large objective behind the statute is to avoid cost to both parties, to avoid delay for all parties. Let's assume for the moment that there is some situation in which this case would be available. What happened here was they, first of all, as I understand it, they had no obligation to file a lawsuit more than they said, is that right? Do you disagree with that? Under Ohio law, they had no duty to say more than they said, although I think the district court found that once they purported to do a federal-type analysis, that it was not unreasonable under the circumstances. What do you mean by a federal-type analysis? Perhaps it didn't need to lay out any residency of any of the plaintiffs, but what it did is it set out the residency of all of the plaintiffs, both the LLCs and the individuals. What they said, as I recall, is that they were an Ohio LLC with a principal place of business in Ohio. There were LLCs, but there were also other individual plaintiffs listed with their individual residencies. Based on our interactions with the plaintiffs, they are the individuals that have guaranteed the loans. So we understood them to be the individuals behind the LLCs and didn't stop at the initial complaint. I think you would just as well... Okay, so now it's remote, right? And they file a new claim. Do you think that... I gather that was an inadequate pleading under federal law because it didn't specify in any way who was members of the LLC. It did not. Okay, and you had to decide, well, no, you, your clients, right? You look at the complaint, you say, oh, they don't say who the members of the LLC are. But not as such. Right. And also, he says that you didn't spell out the members of your LLCs. That is correct. Okay. So what was the fault here? I mean, you didn't spell out your LLCs. So he says, how is he supposed to know that there was non-diversity? And also, if you have any questions, I mean, anybody could have looked at this complaint and known it didn't comply with federal law. So he had to say it doesn't comply with federal law. He didn't do that. First, I think that it's not obscene that it doesn't comply with federal law, especially an amended complaint which affirmatively represents this court has jurisdiction over the subject matter of this action. The complaint didn't just list out an LLC such that you would be on notice that there are individuals you have to be looking for if you're not there. It did lay out individuals. So while it wasn't clear that the individuals that were laid out as plaintiffs were also all of the individuals behind the LLC, I think that Judge Jones, especially looking at an uncontested motion,  it was not unreasonable for us to assume that the plaintiffs individually who were listed in the complaint were also behind the LLC. I suppose that's a perjury of an LLC. I would think so. The same thing about you. That's a perjury of an LLC unless told otherwise. I suppose that he could have considered that if our request had been opposed and he had had those arguments presented. But apparently his name concern originally was Beth Pejorio, LLC. No. No. No, it was with both. But Judge Jones looked at this and said, I don't know. I see LLCs on both sides. And I see plaintiffs on individual plaintiffs listed in the original complaint. But I can't tell whether or not those people are all of the individuals behind plaintiff's LLCs. And he did also mention that Pretorium is listed as a defendant. But I think that in allocating the fault, he was allowed to consider that this was uncontested. He was allowed to find that plaintiff was negligent in not listing that and making the affirmative representation in the amended complaint as federal jurisdiction. If we had had that, we would have known that we have a conflict. But it's not as if the conflict was with Pretorium against everything that was already in the complaint. So he did not have sufficient information to let none to remove, based on what was in the complaint. If everything had been listed in the complaints, especially the second amended complaint on the jurisdictional review, that would have enabled us to determine that removal was not appropriate. So I don't think that the district court can be deemed to have committed a complaint error when it found that the circumstances of this case warranted fees against the defendant. On the amount of fees, I didn't hear an argument about that this morning, but time expires quickly. I think that the district court's determination of the amount of fees was within its discretion. There is criticism that there was insufficient evidence as to the market rates. I understand how he might know about the market rates. How does he know about the market rates in Ohio? Because the Ohio firm is a large, reputable firm. And he saw that the rates of the Ohio firm in a larger jurisdiction, a larger firm, were comparable with those in Reno. So I think that it was a fair extrapolation. And in terms of the Reno, attorneys from Reno, it's a pretty small town, and the judge has experience both with these attorneys, and I think could have approved Mr. Campbell's brief as well. There's concern expressed in the opening brief. I didn't see any reply for you following this appeal. In the opening brief, that in some cases, partners and associates worked on certain projects. The partners always worked less than the associates. The reason you rely on associates is because for the heavy lifting, they are cheaper, but supervision is still required. And so although you leverage efficiency by having associates do the work, certain time is required to discuss the issues, just as the judge on this court discussed issues with law clerks. So those discussions are actually an important part of saving time and using time efficiently in advocacy. Does the court have any other questions? Okay. I'd like to hit three points quickly here. The first, and I think the most important issue, as you understand here, is we're going to try to shift the burden here on a proper removal to the plaintiffs, and I just don't think that's the law here. Even Judge Jones recognized that. The plaintiffs properly pled that the burden is clearly on the removing party to make sure that there is diversity jurisdiction. They failed miserably in the first instance to do that. There's no initiative or any type of evidence, as Judge Jones says, that somehow the Kean party has had some kind of intent to cause a wrongful removal in this case. They should have done what they needed to do in the first place. The fact that they didn't properly list it in the admitted complaint, well, why would they? They were, I think it was valid to assume that the jury had done their homework and when they removed it, there was a proper removal. I mean, I don't think there's anything wrong with that. They did that. They had done their homework and there was a proper removal. Well, originally, you look at remands and removals on the face of the complaint. What you're really saying is, the face of the complaint wasn't a proper removal because you couldn't tell whether or not there was jurisdiction, not because the face was. They couldn't tell essentially. I don't know that they couldn't tell. We certainly couldn't tell because we didn't know who the individual members were of their partnership. Like I said, they had represented themselves, still were in partnership, never did they represent the individual members, and I don't think that they're moving papers to remove that they represent of this work, which Judge Jones noted is. Second point, real quick, I'd like to pick up on the waiver issue. As this Court knows, in the Mergery Interactive case, the general law on waiver, there's no bright line to determine if a waiver has been properly paid, but generally, if an appeal argument was not really sufficient for the trial to court to rule on the case in the court, then I figure we can assume that's a waiver. Clearly, Judge Jones had enough of it in front of him. There's a clear record on this as to what his basis was, as to why he was holding Plaintiff responsible for this wrongful removal, and I think this is a de novo standard for this Court to get a look and see. On the record as a whole, we have Judge Jones' decision and bright line details in front of us. We can look at that from a de novo perspective and say that's just wrong. There's no evidence in the record that suggests that somehow Plaintiff was responsible for this. He was grossly negligent. Finally, I have a third point on the dictatage of the fees. I think we made adequate representations in our brief. I mean, what you've got here is what the defendants do. They were really related to this removal. All of those under removal, they were asked to do some jurisdictional discovery on that, and they didn't file the bill. We don't have jurisdiction. So the fees of what we think was $26,000 for that, but very limited instances of removal, was really related to this. And our discussion of that in our brief, I think, had an interest that the judge didn't take into account and make the findings that he needed to make. He didn't try to leave someone, did he? He didn't. I mean, he didn't dig into that point. Okay. But as we pointed out in the brief, there's several areas that he had. He should have made other findings. Any other questions of my time? That's all for me. Thank you. Thank you. Our current one day is a meeting of the board of trustees. We'll be back at about 2 minutes. We'll be back at 2 minutes. 3 minutes. Okay.
judges: Reinhardt, Berzon, Montgomery